entered March 24, 1926, modifying and affirming as modified a judgment entered upon a decision of the court on trial at Special Term in an action brought by a trustee for approval of its accounts and to obtain a judicial construction of portions of a trust agreement. The questions were: " 1. Should after-born children share in a distribution of the remainder? 2. Whether reformation of the trust agreement might be directed, after the donor's death on the theory that his intended plan of distribution was defeated by an alleged mistake in computation? "

*Fred A. Robbins* and *Clyde E. Shults* for Dana W. Kreidler et al., appellants.

*Leonard B. Bacon* for Marie E. Healy, appellant.

*Andrew R. Sutherland* for plaintiff-respondent.

*Thomas R. Wheeler, Robert Pratt, H. V. Pratt, Fritz Fernow* and *Thomas F. Fanning* for defendants-respondents.

Judgment affirmed, with costs payable out of the trust fund; no opinion.

Concur: POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ. Dissent: CARDOZO, Ch. J., on appeal by defendants Kreidler.

---

JOSEPH LO TUFO, Respondent, *v.* VALENTINE BANGERT, Appellant.

*Negligence — motor vehicles — evidence — action to recover for personal injuries sustained in collision — improper exclusion of evidence of statements made by defendant after accident.*

*Lo Tufo* v. *Bangert*, 219 App. Div. 831, affirmed.

(Submitted November 22, 1927; decided December 6, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 11, 1927, reversing a judgment in favor of defendant entered upon a verdict and granting a new trial in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of

defendant in the operation, management and control of his automobile and by reason of the fact that the defendant operated it in a negligent, reckless and careless manner, thereby colliding with a car in which plaintiff was riding and causing the injuries complained of. The Appellate Division reversed on the ground of error in the exclusion of evidence of statements made by the defendant immediately after the accident.

*Bernard J. Vincent* for appellant.

*Michael W. Casey* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ERNEST M. CHAPIN, Appellant, *v.* GEORGE E. LEARNARD, Respondent.

(Submitted November 28, 1927; decided December 6, 1927.)

MOTION for reargument. (See 246 N. Y. 158.)

*Per Curiam.* Upon this motion for a reargument no question is raised that we have not considered upon the original argument and we adhere to the decision then made. The plaintiff is entitled to recover as compensation for services rendered a sum " measured by one-half the net profits made upon a sale of the stock of the Coxe Traveling Grate Company." The defendant has " sold " the stock. The purchase price upon the " sale " was not to be paid in cash but in securities of another corporation. The contract of sale was made in January, 1914. At that time the defendant was not in possession of any certificates of stock of the Coxe Traveling Grate Company. He received stock from time to time in installments as he made the stipulated payments upon a subscription agreement. As the defendant received stock of the Coxe Traveling Grate Company he delivered to